IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BENITO RAMIREZ-SOTO,

    Defendant.

Case No. 15-cr-40022-01-DDC

**MEMORANDUM AND ORDER**

This matter is before the court on Benito Ramirez-Soto's Motion to Modify/Reduce Sentence under 18 U.S.C. § 3582(c)(2) (Doc. 35). In his Motion, Mr. Ramirez-Soto asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, which took effect on November 1, 2014, and lowered the base offense levels in the Drug Quantity Table. Doc. 35 at 1–2. The government opposes Mr. Ramirez-Soto's Motion, arguing that he is not eligible for a reduction under 18 U.S.C. § 3582(c)(2). Doc. 37. For reasons explained below, the court denies Mr. Ramirez-Soto's Motion to Modify/Reduce Sentence.

**I.    Background**

On September 8, 2015, Mr. Ramirez-Soto pleaded guilty to Count 1 of an indictment charging him with possessing 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine with the intent to distribute and dispense the drug, in violation of 21 U.S.C. § 841(a)(1). Doc. 6; Doc. 33 at 1. Before sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), using the 2014 edition of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or "the Guidelines").

PSR ¶ 20, Doc. 31.  The PSR found Mr. Ramirez-Soto accountable for 785.9 grams of methamphetamine, which resulted in a base offense level of 30 under U.S.S.G. § 2D1.1.  *Id.* ¶ 21.  The PSR then applied a two-level enhancement to this base offense level under § 2D1.1(b)(1) because Mr. Ramirez-Soto possessed a dangerous weapon—a firearm that officials found in a bedroom dresser.  *Id.* ¶ 22.  The PSR also applied a three-level reduction under § 3E1.1 because Mr. Ramirez-Soto accepted responsibility for his actions.  *Id.* ¶¶ 28–29.  After factoring in the enhancement and reduction, the PSR calculated a total offense level of 29.  *Id.* ¶ 30.  This total offense level combined with Mr. Ramirez-Soto's criminal-history category of II yielded a Guidelines' sentencing range of 97 to 121 months.  *Id.* ¶¶ 36, 61.  But, the statutory minimum for violations of 21 U.S.C. §841(a)(1) was (and still is) 120 months' imprisonment.  *Id.* ¶ 60; 21 U.S.C. § 841(b)(1)(A)(viii).  So, under U.S.S.G. § 5G1.1, the PSR could not base its sentencing recommendation on the Guidelines' minimum—it had to base its recommendation on the statutory minimum.  *See* U.S.S.G. § 5G1.1(c)(2) ("[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence.").  The PSR could, however, base its maximum recommendation on the Guidelines.  *Id.* § 5G1.1.  The PSR thus recommended a sentencing range of 120 to 121 months' imprisonment.  PSR ¶ 61.

On October 26, 2015, the court sentenced Mr. Ramirez-Soto to the statutorily mandated minimum sentence of 120 months' imprisonment on Count 1.  Doc. 33.  On October 24, 2016, Mr. Ramirez-Soto filed this Motion to Modify/Reduce Sentence.  Doc. 35.

**II.     Analysis**

Mr. Ramirez-Soto contends that the court may reduce his sentence under 18 U.S.C. § 3582(c)(2) because Amendment 782 applies and reduces his base offense level by two levels. Doc. 35 at 1–2.

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The policy statement to which § 3582(c)(2) refers is the current version of § 1B1.10 of the Guidelines.  *See* U.S.S.G. § 1B1.10 cmt. 8 ("[T]he court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).").  Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) when the guideline range applicable to the petitioner was lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  But, the court cannot reduce a petitioner's sentence if none of the retroactive amendments listed in § 1B1.10(d) applies to the petitioner.  *Id.* § 1B1.10(a)(2).

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has held that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced:  the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*."  *United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (citing *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).  Only the first step is at issue here.

Mr. Ramirez-Soto cannot satisfy the first *Dillon* step. Although Amendment 782 is listed in §1B1.10(d), it does not apply to Mr. Ramirez-Soto's sentence. The court sentenced Mr. Ramirez-Soto under the 2014 Guidelines, which included Amendment 782.[1] So, the court applied Amendment 782 when it sentenced Mr. Ramirez-Soto. Thus, Amendment 782 was not a "subsequent" amendment to the Guidelines and so the court cannot apply it to lower the Guidelines' range applicable to Mr. Ramirez-Soto.

Also, the court did not sentence Mr. Ramirez-Soto based on the Guidelines' suggested minimum sentence. Under U.S.S.G. § 5G1.1(c)(2), the minimum sentence Mr. Ramirez-Soto could have received was governed by 21 U.S.C. § 841(b)(1)(A)(viii), and not the Guidelines. "[A] district court is authorized to reduce a sentence under § 3582(c)(2) *only if* the defendant was originally 'sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission.'" *White*, 765 F.3d at 1246 (first quoting 18 U.S.C. § 3582(c)(2); then citing *Dillon*, 560 U.S. at 825–26). No amendment to the Guidelines could lower Mr. Ramirez-Soto's sentencing range—his minimum sentence is controlled by statute, 21 U.S.C. § 841(b)(1)(A)(viii). In sum, Amendment 782 does not apply to Mr. Ramirez-Soto's sentence.

Because Mr. Ramirez-Soto does not satisfy the first *Dillon* step, the court need not consider the second step. The court thus denies Mr. Ramirez-Soto's Motion to Modify/Reconsider Sentence.

**IT IS THEREFORE ORDERED THAT** defendant Benito Ramirez-Soto's Motion to Modify/Reconsider Sentence (Doc. 35) is denied.

---

[1] *See* U.S. Sent'g Comm'n, *Guidelines Manual* 1 (2014), www.ussc.gov/sites/default/files/pdf/guidelines-manual/2014/GLMFull.pdf (stating that the 2014 edition "[i]ncorporat[ed] amendments effective . . . November 1, 2014"); *see also id.* supp. to app. C at 74, www.ussc.gov/sites/default/files/pdf/guidelines-manual/2014/APPENDIX_C_Supplement.pdf (listing Amendment 782's effective date as November 1, 2014).

**IT IS SO ORDERED.**

**Dated this 16th day of December, 2016, at Topeka, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**